IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BADGER CONTRACTING, INC., NC d/b/a BADGER TREE SERVICE INC, : : : Plaintiff and Counter-Defendant, : : v. : : CHARLES M HARRIS, SR., : : Defendant, Counter-Plaintiff, : and Third-Party Plaintiff, : : v. : : STATE FARM FIRE AND CASUALTY : COMPANY, : : Third-Party Defendant. : _____ : | CASE NO: 7:24-cv-56-WLS |

**ORDER**

Before the Court is Plaintiff Badger Contracting, Inc., NC's ("Badger") Motion and Brief in Support of Plaintiff's Motion to Remand (Doc. 21) ("Motion to Remand"). Third-Party Defendant, State Farm Fire and Casualty Company ("State Farm") filed a timely brief in opposition (Doc. 28) to the Motion to Remand, and Badger filed its reply (Doc. 29).[1] The matter is ripe for consideration, and for the reasons stated below the Motion to Remand is granted and the case is remanded to the Superior Court of Lowndes County. Also pending before the Court are State Farm's motion to dismiss (Doc. 6), and a request for oral argument on the motion to dismiss (Doc. 8), which are dismissed, without prejudice.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Badger initially filed a lawsuit against Defendant Charles M. Harris, Sr. ("Harris") in the Superior Court of Lowndes County, Georgia, on March 1, 2024. (Doc. 1 ¶ 3). Plaintiff alleges that between August 30 and September 7, 2023, "harsh weather" passed through Valdosta, Georgia, which caused several trees to fall on Mr. Harris's residence at 2219

---

[1] Defendant Charles M. Harris, Sr. has not filed a response to the Motion to Remand.

Azalea Drive, Valdosta, Georgia ("Residence"),[2] damaging both the house and an automobile. (Doc. 1-2 at 2, ¶¶ 4–6). Geoffrey Badger, owner of Badger, visited the Harris Residence on August 31, 2023, to discuss the services Badger could provide regarding the damage caused by the fallen trees. (*Id.* at 3, ¶¶ 6–8). On September 1, 2023, Harris signed a contract, authorizing Badger to remove the trees, and the work was performed between September 1 and 4, 2023. (*Id.* at 3–4, ¶¶ 9, 12). The total amount owed to Badger per the contract was $80,745.00. (*Id.* at 4, ¶ 13).

Badger contends that Harris paid only $17,769.68 of the amount owed to it under the contract. This amount represented $15,269.68[3] that State Farm paid to Harris, as its insured under a homeowner's policy, and an additional $2,500.00 for removing a tree off the vehicle. (*Id.* ¶¶ 14–17; *see also* Doc. 1-2 at 23, ¶ 5). Badger states Harris has repeatedly refused to pay the balance owed. (*Id.* at 4, ¶ 15). As a result, Badger filed a lien against the Residence for $62,975.32 (*Id.* ¶ 18), and then initiated suit in the Superior Court of Lowndes County, Case No. 2024CV0413 ("State Court Action"), alleging a breach of contract claim against Harris to recover the balance allegedly due to it under the contract. For relief, Badger requested that Harris "be ordered to pay [Badger] $62,975.32 or the damages caused by [Harris's] actions[,]" and that Harris "be ordered to pay a late fee of 5% per month since October 4, 2023[,] on the unpaid balance of $62,975.32[.]" (Doc. 1-2 at 5).

Harris filed an answer and a counterclaim against Badger claiming $20,000.00 in damages, price gouging during a state emergency, and fraudulent misrepresentation. In addition, Harris filed a third-party complaint against State Farm for breach of contract. (*Id.* at 12–26). On or about June 5, 2024, State Farm entered a special appearance and filed an answer to the third-party complaint in the State Court Action (*Id.* at 39–44).

On June 6, 2024, State Farm timely filed its Notice of Removal (Doc. 1) to this Court. Soon after, State Farm filed an amended answer (Doc. 5), a motion to dismiss and brief in support thereof (Docs. 6–7), and a request for oral argument on the motion to dismiss (Doc.

---

[2] The Residence is owned by Harris's son, Charles M. Harris, Jr., but Harris, Sr. and his wife live at the Residence.

[3] Badger's Complaint reflects $15,269.00 as received from State Farm, which appears to be a rounded-down figure.

8). Subsequently, Badger filed the instant Motion to Remand (Doc. 21), requesting the Court remand the case to the Superior Court of Lowndes County.[4]

In the Motion to Remand, Badger makes the following three arguments as to why this Court does not have subject matter jurisdiction over this case:

1. The amount in controversy cannot and does not exceed $75,000.00 because Badger is only asking for the outstanding balance of $62,975.32, which is less than the jurisdictional amount;

2. A case that is removable based solely on diversity jurisdiction may not be removed if any of the defendants is a citizen of the State in which such action is brought, and Harris is a citizen of Georgia; and

3. Pursuant to Supreme Court precedent, a third-party defendant does not have the ability to remove an action from state court.

## II.  LAW AND DISCUSSION

### A.  Amount in Controversy

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. Where the plaintiff's complaint expressly claims an amount less than the minimum jurisdictional sum, that claim amount is entitled to deference. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In such event, the removing party bears a "heavy" burden to prove "to a legal certainty" that plaintiff's claim must exceed $75,000.00. *Id.* ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still master of his own claim."). Furthermore, due to the limited jurisdiction of federal courts, removal statutes are construed narrowly with doubts and uncertainties resolved in favor of remand. *Id.*

---

[4] This Court entered an Order (Doc. 22), instructing State Farm to supplement its Notice of Removal by providing calculations and arguments that support its assertion that the amount in controversy in this matter exceeds $75,000.00. State Farm timely filed its Supplement (Doc. 25). Badger filed an answer in opposition (Doc. 27), to which State Farm filed a reply (Doc. 30). It is unnecessary for the Court to refer further to these documents as the arguments and calculations therein are included in the Motion to Remand, State Farm's response and Badger's reply as discussed herein. (Docs. 21, 28, 29).

In addition, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *see also Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977) ("For purposes of determining the existence of jurisdiction, plaintiff's complaint is the primary source.").[5] In determining its jurisdiction in diversity cases, a district court assesses whether the amount-in-controversy requirement is met at the time of removal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.").

Here, Badger alleged specific damages in the amount of $62,975.32, representing the balance due on its contract with Harris. This amount, when considered alone, does not meet the amount in controversy required for diversity jurisdiction in federal court; and thus, the Court finds that no jurisdiction exists on the face of the complaint. 18 U.S.C. § 1332(a)(1); *see also Burns*, 31 F.3d at 1095.

State Farm contends that because Badger's request for damages includes late fees and attorney's fees pursuant to O.C.G.A. § 13-6-11, those amounts should be included. State Farm's calculations are:

| | |
|---|---:|
| Breach of Contract | $ 62,975.32 |
| Late Fees [5% per month ($3,148.76 x 8 months)] | 25,190.08 |
| Subtotal: | $ 88,165.40 |
| Attorney's Fees Pursuant to O.C.G.A. § 13-6-11 [estimate 40% of recovery] | 35,266.16 |
| Total: | $123,431.56 |

(*Id.*) With the addition of these fees, State Farm contends it meets the amount in controversy requirement.

Badger counters that where it did not provide a specific amount of late fees and attorney's fees in the complaint, those fees are not included in the amount in controversy for

---

[5] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. *Id.*

4

removal purposes. In support of its arguments, Badger cites *Jackson v. Am. Gen. Fin. Servs., Inc.*, No. 7:06-cv-19, slip op. (M.D. Ga. Apr. 17, 2006) (Lawson, J.). In *Jackson*, this Court, *sua sponte*, determined that (i) "a district court cannot consider interest and late charges when determining the amount in controversy, and (ii) where the plaintiff did not demand a specific amount of attorney fees, essentially leaving that calculation to the jury, the court could not consider the amount of attorney's fees in determining whether the defendant met the requisite jurisdictional amount. *Id.* at 4–5 (citing *Owners Ins. Co. v. McClung*, No. 2:02-CV-168, 2003 WL 23190907 at *2 (N.D. Ga. 2003). Because the amount claimed in Badger's complaint is entitled to deference, State Farm must prove "to a legal certainty" that Badger's claims must be worth more than $75,000.00. *See Burns*, 31 F.3d at 1095.

State Farm criticizes the Court's decision in *Jackson*, asserting that the Court's citation to *McClung* for the proposition that a district court cannot consider late charges when determining the amount in controversy is misplaced. According to State Farm, *McClung* addressed only interest, not late charges. However, while the *McClung* decision does not include the phrase "late fee" or "late charge," the Court clearly included those charges as irrelevant in calculating the amount in controversy when it stated: [I]t it is not appropriate to consider interest when determining an amount in controversy. *Interest is any amount that has come due because of delay in payment.* Interest on unpaid insurance claims falls within that definition. *McClung*, 2003 WL 23190907, at *2 (emphasis added) (citations omitted). Here it is quite clear that the late fees requested by Badger fall within the definition of "interest" as the late fees are amounts that became due because of the delay in payment. The Court declines to include late fees in determining the amount in controversy.

While a Court may consider a demand of attorney fees, if allowed by state law, in determining the amount in controversy, the alleged attorney fees must be specific for a defendant to meet the burden of proof on removal. *Jackson*, No. 7:06-cv-19, slip op. at 5. To justify its estimate of attorney fees at 40 percent of the amount recovered, State Farm presents the self-serving affidavit of its counsel, J. Holder Smith, Jr. (Doc. 28-1). Mr. Smith states he has represented approximately thirty plaintiffs in claims against insurers and/or their insureds, and that he typically uses a contingency fee contract. (*Id.* ¶ 2). In cases such as this, the

customary contingency fee charged by plaintiffs' attorneys is between 30 and 45 percent, with the majority of attorneys charging 40 percent after a lawsuit is filed. (*Id.* ¶ 7).

First, there is nothing in Badger's complaint alluding to attorney's fee based on a contingency fee contract. Badger specifically requests fees under O.C.G.A. § 13-6-11, which permits a *jury* to award attorney fees where (i) plaintiff has specially requested fees; and (ii) "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" *Id.* (emphasis added). What a jury may or may not award is sheer speculation.

Upon review of State Farm's arguments (Doc. 28), the Court finds that State Farm's proposed calculations are nothing more than arbitrary calculations and allegations without any basis for use in the present case. *Leonard v. Enter. Rent a Car*, 279 F. 3d 967, 972 (11th Cir. 2002) (citation omitted) ("A conclusory allegation . . . that the jurisdictional amount is satisfied . . . is insufficient to meet the defendant's burden); *Burns*, 31 F.3d at 1097. Therefore, the Court also declines to consider the demand for attorney fees requested by Badger in determining whether State Farm satisfied the amount in controversy required for diversity jurisdiction.

For the reasons stated below, the Court further declines to consider the amounts Harris seeks in his third-party complaint against State Farm.

As such, the Court finds that State Farm failed to prove to a legal certainty that Badger's claims exceeds $75,000.00.

**B.    State Farm is not a "defendant" for purposes of removal.**

In relevant part, 28 U.S.C. § 1441 provides that a civil action brought in "a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court . . . where such action is pending." § 1441(a) emphasis added).

In *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019), the Supreme Court held that: "Because in the context of these removal provisions [28 U.S.C. §§ 1441(a) and 1453(b)] the term 'defendant' refers only to the party sued by the *original* plaintiff, we conclude that neither provision allows such a third party to remove." *Id.* at 437 (emphasis added). In analyzing the statutes, the Supreme Court instructed that a district court determining whether it has original jurisdiction over a civil action should evaluate whether the plaintiff could have filed its

6

operative complaint in federal court. *Id.* at 441. Thus, under *Home Depot*, because Harris's third-party complaint is not a part of Badger's operative complaint, 28 U.S.C. § 1441(a) does not permit State Farm to remove this action to federal court.

Citing opinions from courts in the Fifth and Eleventh Circuits[6] finding that third-party defendants may under certain circumstances remove a case to federal court, State Farm attempts to distinguish *Home Depot* on the basis that it involved a third-party counterclaim defendant rather than a third-party defendant. However, in *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030 (11th Cir. 2020), the Eleventh Circuit stated that under *Home Depot*, only a defendant to the original action may remove a case and that *Carl Heck* is no longer good law. *Id.* at 1040.

### C. Section 1441(b)(2) prohibits removal of this case.

A civil action which is removable solely on the basis of diversity jurisdiction, may not be removed if any of the properly joined and served defendants are citizens of the State in which such action is brought. § 1441(b)(2). State Farm has offered no evidence that Harris was not properly joined as the Defendant in this case. Nor did State Farm obtain the consent of Harris prior to filing its Notice of Removal. State Farm attempts to treat the third party complaint as the original complaint in this case, putting Harris in the position of plaintiff and itself in the position of defendant. However, as noted above, removal is not based on the status of later added parties. *See Home Depot*, 587 U.S. 435; *Bowling*, 963 F.3d 1030.

## III. CONCLUSION

For the reasons given above, State Farm failed to meet its burden of establishing the requisite amount in controversy for diversity jurisdiction in federal court. It further failed to establish that it is a "defendant" for removal purposes or that the amount in controversy may be established by the amounts in controversy asserted in the third-part complaint.

Accordingly, Badger's Motion to Remand (Doc. 21) is **GRANTED** and the case is **REMANDED** to the Superior Court of Lowndes County for lack of jurisdiction. Further,

---

[6] *Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 584, 589-591 (S.D. Fla. 1996); *Carl Heck Eng'rs v. Lafourche Parish Police*, 622 F.2d 133 (5th Cir. 1980).

State Farm's motion to dismiss (Doc. 6), and request for oral argument (Doc. 8) are dismissed, without prejudice.

**SO ORDERED**, this 5th day of August 2024.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**